**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Michael David HENSCHEL,
Defendant—Appellant.**

**No. 09–10162.**

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 15, 2009.*

Filed Dec. 30, 2009.

Howard David Sukenic, Esquire, Office of the U.S. Attorney, Kory A. Langhofer, United States Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Thomas M. Hoidal, Esquire, Hoidal & Hannah, PLC, Phoenix, AZ, for Defendant–Appellant.

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

**MEMORANDUM** **

Michael David Henschel appeals from the district court's order revoking his pro-

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

bation. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Henschel contends that a modified condition of probation prohibiting him from "conduct[ing] any business in the real estate arena" is overbroad. The district court did not abuse its discretion in light of Henschel's underlying conviction for felony wire fraud arising from mortgage fraud. *See United States v. Romero,* 676 F.2d 406, 407 (9th Cir.1982); *see also United States v. Betts,* 511 F.3d 872, 874–75 (9th Cir.2007).

Henschel also contends that there was insufficient evidence to support the district court's determination that he had violated the condition. This contention is belied by the record. *See United States v. Tham,* 884 F.2d 1262, 1266 (9th Cir.1989).

In light of this disposition, we do not address the Government's argument that Henschel waived his challenge by consenting to the imposition of this probation condition.

Henschel's motion to waive oral argument is granted.

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.